UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Joe Hand Productions, Inc. Partnership,** | **Civil No. 12-CV-1603 (SRN/AJB)** |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| **Jeffrey A. Feil, d/b/a The Cabin Bar, JBFeil, Inc., d/b/a The Cabin Bar, and John Does I-V,** | |
| Defendants. | |

_____

Scott A. Wilson, Attorney at Law, 310 South Fourth Avenue South, Suite 5010, Minneapolis, Minnesota 55415, for Plaintiff
_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. No. 8] against Defendants Jeffrey A. Feil and JBFeil, Inc.

## I.   BACKGROUND

Plaintiff brought this action pursuant to several federal communications statutes, including 47 U.S.C. § 605 and 47 U.S.C. § 553, for the unauthorized showing of a televised fight program.  (Compl. ¶¶ 9-22 [Doc. No. 1].)  The record shows that Defendants were served with process, but failed to answer or otherwise defend this action. Consequently, each Defendant is in default and accordingly, has admitted violating Section 605(a) willfully and for commercial advantage or private gain, as alleged in the

1

Complaint.  The Clerk of Court entered default on January 4, 2013 against Defendants Jeffrey A. Feil and JBFeil, Inc.  (Entry of Default [Doc. No. 7].)

The instant Motion for Default Judgment [Doc. No. 8] was filed on April 30, 2013 and was duly served on Defendants by mail.  (Certificate of Service at 1-2 [Doc. No. 14].)  The Court held a hearing on the instant Motion on June 13, 2013, at which Defendants failed to appear.  Having carefully reviewed Plaintiff's Motion, the Court concludes that entry of a default judgment against Defendants Feil and JBFeil, Inc. is appropriate.  Fed. R. Civ. P. 55(b).  In addition, Plaintiff has not identified any of the John Doe Defendants and, accordingly, dismissal of the unnamed Defendants is appropriate at this time as well.  See Fed. R. Civ. P. 4(m); Cantrell v. Huckabee, 433 F. App'x 488, 490 (8th Cir. 2011) (per curiam).

Plaintiff seeks damages in the amount of $110,000 for violation of 47 U.S.C. § 605(e), $ 1,100 for the tort of conversion, and attorney's fees and costs to be determined in a subsequently-filed petition.  (Pl.'s Mem. Supp. Mot. for Default J. at 21 [Doc. No. 10].)  Damages under 47 U.S.C. § 605 consist of a compensatory component, for which an aggrieved plaintiff may choose to recover either (i) actual damages or (ii) statutory damages, the latter of which shall be "not less than $1,000 or more than $10,000."  47 U.S.C. § 605(e)(3)(C)(i)(I)-(II).  In addition, a plaintiff may also recover "enhanced damages," by which the Court in its discretion may increase the award of damages – either actual or statutory – by an amount of not more than $100,000 if a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private

financial gain." Id. § 605(e)(3)(C)(ii).  Here, it is undisputed that Defendants wilfully violated Section 605 for private gain.  However, the Court finds that the amount requested by Plaintiff is excessive.

As this Court has observed, "Statutory damages under the first prong of § 605(e)(3)(C) are primarily designed to remedy the harm the plaintiff suffered from the defendant's unlawful access to its signal." J & J Sports Prods., Inc. v. Cortes, 2012 WL 2370206, at *1 -2  (D. Minn. June 22, 2012) (citing Time Warner Cable of N.Y.C. v. U.S. Cable T.V., Inc., 920 F.Supp. 321, 329 (E.D.N.Y. 1996)).  Plaintiff's investigator attests to having witnessed Defendants' unauthorized showing of the fight on July 3, 2010 at the Cabin Bar in Nicollet, Minnesota.  (Aff. of Kevin D. Stewart, Ex. A to Aff. of Scott Wilson [Doc. No. 11-1].)  The investigator estimated the capacity of the Cabin Bar to be approximately 50 people, although only eleven patrons occupied the bar on the night in question.  (Id.)  Plaintiff's lawful broadcast rate for the fight is based on subscribers' seating capacity.  (Joe Hand Rate Card, Ex. 1 to Pl.'s Aff. [Doc. No. 12-1].)  Plaintiff's rate for subscribers with a capacity of 0-50 people is $900, while the rate for subscribers with a capacity of 51-100 people is $1,100.  Because the Cabin Bar's capacity falls between the two ranges, Plaintiff requests that the Court adopt the higher rate.  The Court adopts the higher rate and finds that it would have cost Defendants $1,100 to obtain a license to lawfully broadcast the boxing match.  This Court used this approach to calculate statutory damages in J & J Sports Prods., 2012 WL 2370206, at *1.  Plaintiff urges the Court to adopt a higher amount, arguing that setting statutory damages at the level of the

licensing fee deprives Section 605 of its intended deterrent purpose, particularly where the licensing fee is at the low end of the scale. (Pl.'s Mem. at 17 [Doc. No. 10].) However, the Court applies the method used to calculate statutory damages in J & J Sports Prods., which serves the purpose of Section 605 in remedying the harm caused by Defendants' unauthorized actions, whereas the statutory provision for enhanced damages best advances the goal of deterrence. The Court finds that $1,100 is an appropriate amount of statutory damages.

"Enhanced damages" are intended to punish willful violations of the law and to deter similar misconduct. J & J Sports Prods., 2012 WL 2370206, at *1. As this Court has noted:

> In determining the appropriate amount to be awarded, courts typically consider whether there have been "repeated violations over an extended period of time," whether the defendant advertised the event or charged a cover charge, the amount of the defendant's gain, and other similar factors. Id. (citation omitted); accord, e.g., J & J Sports Prods., Inc. v. Diaz, No. CV 11–02224, 2012 WL 1134904, at *2 (D. Ariz. Apr. 4, 2012). Generally speaking, courts award "anywhere from three to six times the statutory damages award for enhanced damages." J & J Sports Prods., Inc. v. Ribeiro, 562 F. Supp.2d 498, 502 (S.D.N.Y. 2008).

Id. Applying this approach in another case, this Court awarded $2,000 in statutory damages and $14,000 in enhanced damages. Joe Hand Promotions, Inc. v. Stello, 11-CV-2215(DWF/AJB), Order of 1/24/13 [Doc. No. 19]. The Court noted that the enhanced damages award was seven times the statutory damages amount in light of the defendants' promotional efforts. Id. at 2, n.1.

Here, Defendants were not repeat offenders, did not promote the fight, and did not

4

charge a cover fee. (Stewart Aff., Ex. A to Wilson Aff. [Doc. No. 11-1].) Moreover, only eleven patrons were in the Cabin Bar on the night in question. Id. In J & J Sports Prods., this Court awarded three times the statutory damages amount in enhanced damages, for a total of $4,500 in enhanced damages, against defendants who posted no advertising, no cover charge, and were not repeat offenders. 2012 WL 2370206, at *2. In the same ruling, the Court awarded four-to-five times the statutory damages to two other groups of defendants who had engaged in more egregious conduct, including promotional activities, charging of cover fees, and repeat offenses. Id. Defendants here are most similar to the group of defendants in J & J Sports Prods. against whom the Court trebled the statutory damages. Accordingly, the Court finds that under the circumstances here, enhanced damages of $3,300 are appropriate.

The Court also awards damages of $1,100 for the tort of conversion. Finally, the Court will consider any application filed for Plaintiff's attorney's fees and costs, which are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii), filed in accordance with Fed. R. Civ. P. 54(d) and Local Rule 54.3.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. All claims against the John Doe Defendants are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's Motion for Default Judgment against Defendants Jeffrey A. Feil and JBFeil, Inc. [Doc. No. 8] is **GRANTED in part**; and

3. Plaintiff shall recover $5,500 in damages, determined as follows:

    a. Plaintiff is entitled to $1,100 in statutory damages and $3,300 in enhanced damages, pursuant to 47 U.S.C. § 605(e);

    b. Plaintiff is entitled to $1,100 in damages for its conversion claim; and

4. The Court will consider any application for Plaintiff's attorney's fees and costs, which are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii), filed in accordance with Fed. R. Civ. P. 54(d) and Local Rule 54.3, and filed within 14 days of this Order.

Dated: June 14, 2013

                                        s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Court Judge